IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CUSHION SEATS, INC., ) | ) |
| ) | |
| Plaintiff, ) | ) |
| ) | Civil Action No.: 1:09-cv-1342-WTL-DML |
| v. ) | ) |
| ) | Hon. William T. Lawrence |
| ISP STADIUM SEATING, LLC, ) | ) |
| INTERNATIONAL SPORTS PROPERTIES, ) | Hon. Debra McVicker Lynch |
| INC. ) | ) |
| ) | |
| Defendants. ) | TRIAL BY JURY DEMANDED |
| ) | |
| ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, Cushion Seats, Inc. ("Plaintiff") brings this complaint against Defendants, ISP Stadium Seating, LLC and International Sports Properties, Inc. (collectively "Defendants"), for patent infringement, and demands a jury trial on all the issues so triable. Plaintiff alleges as follows:

**INTRODUCTION**

1. This is an action arising under the laws of the United States.

2. Plaintiff seeks an injunction and damages against Defendants for infringement of Plaintiff's patent rights.

1

## THE PARTIES

3. Plaintiff Cushion Seats, Inc. (hereinafter "Cushion Seats") is a Kansas corporation having its principal place of business at 520 McCall Road, Manhattan, Kansas 66502.

4. On information and belief, Defendant ISP Stadium Seating, LLC is a North Carolina limited liability company having an address at 540 North Trade St., Winston-Salem, NC 27101, and is conducting business in the state of Indiana. On its website, www.ispstadiumseating.com, ISP states it has been in operation since about 1998 and was "integrated into" ISP Sports in March, 2008.

5. On information and belief, Defendant International Sports Properties, Inc. is a North Carolina corporation having an address at 540 North Trade St., Winston-Salem, NC 27101, and is conducting business in the state of Indiana.

## NATURE OF THE ACTION

6. Cushion Seats has been a leading company in stadium seating. Cushion Seats engineered and patented stadium seating products that can be permanently and/or semi-permanently attached to a stadium bleacher. For example, Cushion Seats provides in the United States stadium seating, including the Premium Flex Back and Game Day Rentals. Venues all over the United States employ the Cushion Seats stadium seating, including, until recently, Indiana University.

7. United States Patent No. 7,488,037 ("the '037 patent," attached at Exhibit A), entitled "Stadium Seat," was duly and legally issued on February 10, 2009, and named Nikki Vestweber as the inventor.

8. All right, title, and interest in and to the '037 patent has been assigned to Cushion Seats, the plaintiff in this action. Plaintiff Cushion Seats owns all right, title, and interest in and to the '037 patent.

9. Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 with respect to the '037 patent.

10. United States Patent No. 7,316,452 ("the '452 patent," attached at Exhibit B), entitled "Stadium Seat," was duly and legally issued on January 8, 2008, and named Nikki Vestweber as the inventor.

11. All right, title, and interest in and to the '452 patent has been assigned to Cushion Seats, the plaintiff in this action. Plaintiff Cushion Seats owns all right, title, and interest in and to the '452 patent.

12. Plaintiff has complied with the notice requirements of 35 U.S.C. §287 with respect to the '452 patent.

13. United States Patent No. D610,821 ("the '821 patent," attached at Exhibit C), entitled "Stadium Seat," was duly and legally issued on March 2, 2010, and named David L. Dreiling as the inventor.

14. All right, title, and interest in and to the '821 patent has been assigned to Cushion Seats, the plaintiff in this action. Plaintiff Cushion Seats owns all right, title, and interest with respect to the '821 patent.

15. Plaintiff has complied with the notice requirements of 35 U.S.C. §287 with respect to the '821 patent.

16. Upon information and belief, Defendants, alone and together, have made, used, sold, offered for sale, and/or imported semi-permanent and/or game day rental stadium seating

("Stadium Seats") that infringe at least one claim of Plaintiff's U.S. Patent Nos. 7,488,037; 7,316,452; and D610,821.  (See, e.g., Exhibits D-F.)

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction pursuant 28 U.S.C. §§ 1331 and 1338 and 35 U.S.C. § 281 for claims arising under 35 U.S.C. §§ 1 *et seq*., the Patent Laws of the United States.

18. Venue in this court is based upon 28 U.S.C. §§ 1391 and 1400.

19. This Court has personal jurisdiction over Defendants.  Defendants, alone and together, have entered into and conducted business in the Southern District of Indiana in matters relating to the subject in dispute.  Upon information and belief, Defendants, alone and together, offer their Stadium Seats for sale, and sell such Stadium Seats, for example, at their website.  Upon information and belief, Defendants also offer services, including marketing, sales, installation and maintenance, in connection with the Stadium Seats at Indiana University.  Upon information and belief, Defendants, alone and together, sell and/or offer for sale their Stadium Seats in Indiana, and/or place their Stadium Seats in the stream of commerce with knowledge that they will be sold, used and/or offered for sale in Indiana, including offering the Stadium Seats for sale on the website ispstadiumseating.com for use at Indiana University's Memorial Stadium (located in Bloomington, Indiana) and providing their Stadium Seats at Memorial Stadium.  (See, e.g., Exhibits D-F.)

## COUNT I

## PATENT INFRINGEMENT: U.S. PATENT NO. 7,488,037

20. Plaintiff hereby re-alleges the allegations of Paragraphs 1-19 of this complaint as if fully set forth herein.

21. Upon information and belief, Defendants have for a time past and continue to infringe, either literally or under the doctrine of equivalents, the '037 patent by making, using, selling, offering for sale, and/or importing Stadium Seats, embodying the patented invention to customers in the United States, either directly or through intermediaries, where they have been made available for sale in Indiana, and/or contributing to and/or inducing the infringement by others.

22. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendants' infringing activities commenced, and have continued, despite Defendants' knowledge of Plaintiff's rights in and to the '037 patent and/or with Defendants' knowledge that Defendants do not have the right to practice any invention claimed by the '037 patent.  Accordingly, Defendants are willfully infringing the '037 patent.

23. By the foregoing acts and otherwise, Defendants, alone and together, will continue to infringe Plaintiff's rights in the '037 patent unless restrained by this Court.

24. As a result of Defendants' patent infringement, Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT II

## PATENT INFRINGEMENT: U.S. PATENT NO. 7,316,452

25. Plaintiff hereby re-alleges the allegations of Paragraphs 1-24 of this complaint as if fully set forth herein.

26. Upon information and belief, Defendants have for a time past and continue to infringe, either literally or under the doctrine of equivalents, the '452 patent by making, using, selling, offering for sale, and/or importing Stadium Seats, embodying the patented invention to customers in the United States, either directly or through intermediaries, where they have been made available for sale in Indiana, and/or contributing to and/or inducing the infringement by others.

27. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendants' infringing activities commenced, and have continued, despite Defendants' knowledge of Plaintiff's rights in and to the '452 patent and/or with Defendants' knowledge that Defendants do not have the right to practice any invention claimed by the '452 patent. Accordingly, Defendants are willfully infringing the '452 patent.

28. By the foregoing acts and otherwise, Defendants, alone and together, will continue to infringe Plaintiff's rights in the '452 patent unless restrained by this Court.

29. As a result of Defendants' patent infringement, Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT III

## PATENT INFRINGEMENT: U.S. PATENT NO. D610,821

30. Plaintiff hereby re-alleges the allegations of Paragraphs 1-29 of this complaint as if fully set forth herein.

31. Upon information and belief, Defendants have for a time past and continue to infringe the '821 patent by making, using, selling, offering for sale, and/or importing their Stadium Seats, including their Game Day Rental stadium seats, embodying the patented invention to customers in the United States, either directly or through intermediaries, where they have been made available for sale in Indiana, and/or contributing to and/or inducing the infringement by others.

32. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendants' infringing activities commenced, and have continued, despite Defendants' knowledge of Plaintiff's rights in and to the '821 patent and/or with Defendants' knowledge that Defendants do not have the right to practice any invention claimed by the '821 patent. Accordingly, Defendants are willfully infringing the '821 patent.

33. By the foregoing acts and otherwise, Defendants, alone and together, will continue to infringe Plaintiff's rights in the '821 patent unless restrained by this Court.

34. As a result of Defendants' patent infringement, Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

**WHEREFORE,** Plaintiffs pray for the following relief:

1. A finding that the '037 patent is valid, and that the Defendants, alone and together, have infringed the '037 patent.

2. A finding that the '452 patent is valid, and that the Defendants, alone and together, have infringed the '452 patent.

3. A finding that the '821 patent is valid, and that the Defendants, alone and together, have infringed the '821 patent.

4. An injunction permanently enjoining Defendants, alone and together, and their directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with it, from:

   a. directly or indirectly infringing the '037 patent;

   b. continuing to make, use, sell, or offer to sell any products which infringe the '037 patent; and

   c. assisting, inducing, or aiding or abetting any other person or entity in engaging in any of the activities prohibited in subparagraphs (a) through (b) above.

5. An injunction permanently enjoining Defendants, alone and together, and their directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with it, from:

   a. directly or indirectly infringing the '452 patent;

   b. continuing to make, use, sell, or offer to sell any products which infringe the '452 patent; and

   c. assisting, inducing, or aiding or abetting any other person or entity in engaging in any of the activities prohibited in subparagraphs (a) through (b) above.

 6. An injunction permanently enjoining Defendants, alone and together, and their directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with it, from:

   a. directly or indirectly infringing the '821 patent;

   b. continuing to make, use, sell, or offer to sell any products which infringe the '821 patent; and

   c. assisting, inducing, or aiding or abetting any other person or entity in engaging in any of the activities prohibited in subparagraphs (a) through (b) above.

 7. An order requiring the impounding and destruction of all products in the possession of Defendants, alone and together, infringing the '037 patent.

 8. An order requiring the impounding and destruction of all products in the possession of Defendants, alone and together, infringing the '452 patent.

 9. An order requiring the impounding and destruction of all products in the possession of Defendants, alone and together, infringing the '821 patent.

 10. An order requiring Defendants, alone and together, to file with the Court and serve on Plaintiff, within 30 days after service of the Court's order as herein prayed, a report (or other form of proof) in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's injunction.

11. A judgment entered for Plaintiff and against Defendants, jointly and severally, for all damages sustained by Plaintiff and/or any applicable statutory damages for Defendants' acts of patent infringement, including Defendants' profits, any damages sustained by Plaintiff and treble damages, including under 35 U.S.C. § 289, and including pre-judgment and post-judgment interest.

12. An accounting from Defendants, alone and together, for all gains, profits, and advantages derived from acts of patent infringement and/or other violations of the law as alleged herein.

13. An order requiring that all gains, profits, and advantages derived by Defendants, alone and together, from acts of patent infringement and/or other violations of the law as alleged herein, be deemed to be in constructive trust for the benefit of Plaintiff.

14. An order declaring this case to be exceptional within the meaning of 35 U.S.C. § 285 and awarding Cushion Seats the attorney fees, costs and expenses it incurs in this action.

15. An order for such other, further, and different relief as the Court deems proper under the circumstances, including punitive damages if appropriate pursuant to the evidence of record.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

                        Respectfully submitted,

Dated:  May 4, 2010                By: /s/ Anthony E. Dowell\_\_\_\_
                                        Anthony E. Dowell, Esq.
                                        **DOWELL BAKER, P.C.**
                                        201 Main Street, Suite 710
                                        Lafayette, IN 47901
                                        (765) 429-4004
                                        (765) 429-4114 (fax)
                                        E-Mail:  AEDowell@dowellbaker.com

                                        Christopher V. Carani
                                        Wil L. Rao
                                        Joseph F. Harding
                                        Dennis H. Jaskoviak
                                        Brianne M. Straka
                                        **MCANDREWS, HELD & MALLOY, LTD.**
                                        500 West Madison Street
                                        34th Floor
                                        Chicago, IL 60661
                                        (312) 775-8000
                                        (312) 775-8100 (fax)
                                        E-Mail:  ccarani@mcandrews-ip.com
                                                       wrao@mcandrews-ip.com
                                                       jharding@mcandrews-ip.com
                                                       djaskoviak@mcandrew-ip.com
                                                       bstraka@mcandrews-ip.com

                                        **ATTORNEYS FOR PLAINTIFF**
                                        **CUSHION SEATS, INC.**